**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Guillermina Parra, et al.,<br><br>    Plaintiffs,<br>v.<br><br>PacifiCare of Arizona, Inc., an Arizona corporation,<br><br>    Defendant.<br>_____<br>PacifiCare of Arizona, Inc., an Arizona corporation,<br><br>    Counterclaimant,<br>Guillermina Parra, et al.,<br><br>    Counterdefendants.<br>_____ | CV 10-008-TUC-DCB<br><br><br><br>**ORDER** |

This case involves crossclaims for declaratory judgment. "Plaintiffs' now-deceased husband and father was injured when struck by an automobile. He later died from his injuries. Prior to his death, Plaintiffs' decedent received medical treatment. PacifiCare paid those medical expenses under a Medicare Advantage Plan of which the decedent was a beneficiary. When Plaintiffs recovered $500,0000 in settlement of a wrongful death case against the driver of the car that hit the decedent, PacifiCare sought reimbursement of the medical expenses it had paid. Plaintiffs sued for declaratory judgment and an injunction to preclude collection of these amounts. PacifiCare asserted counterclaims for declaratory judgment." (Doc. 40: Objection at 1.)

The case was referred to Magistrate Judge D. Thomas Ferraro on March 9, 2010, pursuant to the Rules of Practice for the United States District Court, District of Arizona (LR

Civ.), Rule 72.1(a). On February 4, 2011, Magistrate Judge Ferraro issued a Report and Recommendation (R&R). (Doc. 39: R&R.) He recommends dismissing the action for lack of subject matter jurisdiction, without ruling on the parties' crossmotions for summary judgment. The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court.

Additionally, the Court grants the Plaintiffs' Motion for Summary Judgment only to the extent it asks this Court to find the Defendant does not have a private cause of action under the Medicare statute or the Medicare Secondary Payer (MSP) Act. There being no private right of action, there is no federal jurisdiction to determine the merits of the Defendant's claim for reimbursement. *See Northwest Airlines, Inc. v. County of Kent, Mich.,* 510 U.S. 355, 364 (1994) (explaining that if Congress intended no right of immediate access to a federal court [], then the [] claim should have been dismissed, not adjudicated on the merits." The Court does have jurisdiction to decide if the Complaint states a claim, (Objection at 6-7; Reply at 3) (citations omitted), and finds it does not. The Court will not exercise supplemental jurisdiction over Defendant's claim for reimbursement from Plaintiffs. To this extent, the Court denies the Defendant's Crossmotion for Summary Judgment.

**STANDARD OF REVIEW**

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the R&R *de novo*.

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en*

*banc*).  To the extent that no objection has been made, arguments to the contrary have been waived.  Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation), *see also  McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections.  *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendant, the Plaintiffs' Response, and the parties' briefs considered by the Magistrate Judge on the Crossmotions for Summary Judgment in respect to the objections.

**OBJECTIONS**

Both parties object to dismissal of the case for lack of subject matter jurisdiction and argue dismissal should be for failure to state a claim; the Defendant PacifiCare argues that this Court has discretion to exercise supplemental jurisdiction to resolve its claim against Plaintiffs Parras for reimbursement.

Defendant argues the Magistrate Judge erred in finding Count 1 was predicated only on state law because PacifiCare's right of recovery is based on federal law, which preempts completely any state law pertaining to payment and reimbursement rights of Managed Care Plans.  *See* 42 U.S.C. §§ 1395w-22)(a)(4), 1395mm(e)(4), 1395y(b)(2), 1395w-26(b)(3), and 42 F.C.R. 422.108(f).

Defendant argues the Magistrate Judge erred as to Count 2 in recommending there is no private cause of action for Managed Care Plans to seek reimbursement in federal court.  *See*

42 U.S.C. §§ 1395w-22)(a)(4), 1395mm(e)(4), 1395y(b)(2), 1395w-26(b)(3), and 42 F.C.R. 422.108(f).

**Dismissal:**

**Lack of Subject Matter Jurisdiction or Failure to State a Clam.**

Both parties assert that dismissal of the action should be for failure to state a claim and not for lack of subject matter jurisdiction. The distinction is important because the former allows the Court, at its discretion, to exercise supplemental jurisdiction to resolve the merits of PacifiCare's claim for reimbursement against the Parras. *See* (Objection at 9) (citing *Osborn v. Haley*, 549 U.S. 225, 245 (2007) (explaining that "even if only state-law claims remained after resolution of the federal question, there is discretion to retain jurisdiction."); *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350-51 (1988) (finding that when the federal character of a removed case is eliminated, the court still has discretion to retain jurisdiction); *Arbaugh v. Y&H Corp.* 546 U.S. 500, 502 (2006) (finding courts retain supplemental jurisdiction when a court grants a motion to dismiss for failure to state a federal claim); *Acri v. Varian Associates, Inc*., 114 F.3d 999, 1000 (9th Cir. 1997) (same). PacifiCare argues that this Court should exercise supplemental jurisdiction over its contract claim to enforce its federally-granted right to reimbursement from the Plaintiff. (R&R at 13) (citing Doc. 33: D's Reply at 6).

Because there is case law to support the parties' argument that dismissal should be for failure to state a claim, *Thompson v Thompson*, 798 F.2d 1547, 1550 (9th Cir. 1986),[1] the

---

[1] Whether the Medicare statutes contain a private right of action depends upon construction of federal law, therefore, the Court has original jurisdiction to decide the question, unless the argument that such a right exists is wholly insubstantial and frivolous. *Thompson*, 798 F.2d at 1550; *see also Davis v. Monroe County Bd. of Educ*., 526 U.S. 629 (1999) (applying Rule 12(b)(6) to decide whether a private right of action exists under Title IX of Education Amendments of 1972), *Northwest Airlines v. Kent County*, 510 U.S. 355, 365 (1994) (whether a federal statute creates a claim for relief is not jurisdictional)); *but see* (R&R at 6) (citing *Care Choices HMO v. Engstom*, 330 F.3d 786, 791 (6th Cir. 2003) (dismissing action for lack of subject matter jurisdiction because no private right of action under Medicare statute, 42 U.S.C. § 1395mm(e)(4)).

1 Court finds it will not exercise supplemental jurisdiction over Count 1 for the reasons
2 explained below.

### The Statutory Scheme:

### Private Cause of Action and Preemption

PacifiCare errs in its assertion that the Magistrate Judge incorrectly treated Count 1 as predicated solely on state law, and hence recommended dismissal.  (Objection at 2.)  The Magistrate Judge understood, as does this Court, that PacifiCare asserts its right to reimbursement, pursuant to provisions in its Medicare Advantage Plan (MA Plan),[2] arises under federal law.  (R&R at 11) (discussing *Care Choices HMO v. Engstrom*, 330 F.3d 786 (6th Cir. 2003); *Nott v. Aetna U.S. Healthcare, Inc.,* 305 F. Supp.2d 565 (E.D. Penn. 2004)). The Magistrate Judge found that the Medicare statutes allow PacifiCare to include subrogation and reimbursement rights in its agreement with its members, "but it did not create a federal right to enforce that contract."  This Court agrees with the Magistrate Judge that the creation of this federal right did not create a federal cause of action for recovery. This finding applies to both counts of the Defendant's Counterclaim.

Title 42 section 1395w-22(a)(4) provides: "Notwithstanding any other provision of law, a [MA Plan] organization may (in the case of the provision of [] services to an individual under a [MA] under circumstances in which payment . . . is made secondary pursuant to section 1395y(b)(2)) . . . charge . . . . . . such individual to the extent that the individual has been paid under the plan for such services."

Section 1395y(b)(2)(A) provides for Medicare to be the secondary payer by mandating that no payment be made, unless repayment is required, with respect to any service to the extent that payment has been made, or can reasonably be expected to be made by a primary payer, worker's compensation law or plan, or under an automobile or liability insurance policy or plan or under no fault insurance.  Additionally, the United States may bring an

---

[2]The PacifiCare's MA Plan is an Managed Care Plan.

action to recover payment for services by bringing an action against any entity responsible to pay for such services under a primary plan or against any third-party entity that has received payment from the primary payer entity. 1395y(b)(2)(B)(ii). The United States is subrogated to any right under this subsection of an individual or other entity to payment with respect to services under a primary plan. 1395(b)(2)(B)(iii).

Section 1395mm(e) provides that "notwithstanding any other provision of law, the [MA] organization may (in the case of the provision of services to a memeber enrolled under this section for an illness or injury for which the member is entitled to benefits under a workmen's compensation law or plan . . ., under an automobile or liability insurance policy or plan, . . . ) charge . . . such member to the extent that the member has been paid under such law, plan, or policy for such services."

Section 1395w-26(b) authorizes the Secretary to establish standards by regulation for MA Plan organizations consistent with and to carry out this part, and "provided that any standard so established shall supersede any State law or regulation . . . to the extent such law or regulation is inconsistent with such standards."

The Secretary, in respect to the basic rule that [Medicare] does not pay for services to the extent that Medicare is not the primary payer, adopted Federal Regulation Section 422.108, which provides that the responsibilities of the MA organization are as follows: a) it must identify payers that are primary to Medicare; b) identify amounts payable by those payers, and c) coordinate its benefits to Medicare enrollees with the benefits of primary payers. 422.108(b). "If a Medicare enrollee receives from an MA organization covered services that are also covered under State or Federal workers' compensation, any no-fault insurance, or any liability insurance or plan . . ., the MA organization may bill . . . the Medicare enrollee. 422.108(d).

Finally, Federal Regulation 422.108(f) provides: "Consistent with § 422.402 concerning the Federal preemption of State law, the rules established under this section supersede any State laws, regulations, contract requirements, or other standards that would otherwise apply

1 to MA Plans.  A State cannot take away a MA organizations' right under Federal law and
2 the MSP regulations to bill, . . for services for which Medicare is not the primary payer.  The
3 MA organization will exercise the same rights to recover from a primary plan, entity, or
4 individual that the Secretary exercises under the MSPA regulations in subparts B through D
5 of part 411 of this chapter."

6 While subparts B through D provide that the Secretary may take legal action for
7 reimbursement, PacifiCare fails to recognize that recovery actions taken by the Secretary
8 involve detailed administrative procedures, which are required to be exhausted before a
9 beneficiary can challenge a claim for reimbursement in the federal courts.  *See* 42 U.S.C. §
10 405(h): "No action against the United States . . . shall be brought under section 1331 or 1346
11 of Title 28 to recover on any claim arising under this subchapter."[3]  Jurisdiction over
12 beneficiary challenges to a Medicare claim for reimbursement exists under 42 U.S.C. §
13 405(g), which requires agency decision in advance of judicial review.  Practically speaking,
14 this means the Secretary cannot proceed directly to federal court in circumvention of the
15 beneficiary's rights and must issue a final decision before bringing legal action for
16 reimbursement.

17 The Court agrees with the Magistrate Judge's analysis that the Medicare statutory and
18 regulatory scheme does not reflect any congressional intent to create a private cause of
19 action.  (R&R at 8-13) (applying *Court v. Ash*, 422 U.S. 66, 78 (1975) (finding PacifiCare to
20 be a member of the class for whom the Medicare statute was enacted to benefit; that the
21 action brought by PacifiCare is one traditionally within state law; and that the main factor of
22 congressional intent cuts against a private right of action and it is not inconsistent with the
23 legislative scheme to not imply a remedy).

24 The Court finds that the Medicare statutes at issue, here, do no more than create a
25 federal right.  They stop short of creating a federal private right of action to enforce that
26 right and do not contain any jurisdictional provision granting the federal courts exclusive

27

28     [3]Made applicable to Medicare and modified by 42 U.S.C. § 1395ii.

jurisdiction over Medicare reimbursement claims.  The Court finds the same in respect to 42 U.S.C. § 1395w-26(b)(3) (2003) and 42 C.F.R. § 422.108(f).  Congress and the Secretary did no more than protect PacifiCare's right to charge and/or bill a beneficiary for reimbursement, notwithstanding and state law or regulation to the contrary.

The Court rejects the Defendant's argument in its Objection that there is complete preemption. To find complete preemption the Medicare statutes at issue would have to provide the exclusive cause of action for PacifiCare's claim against the Parras and also set forth the procedures and remedies governing that cause of action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009) (citing *Beneficial National Bank v. Anderson*, 539 U.S. 1, 8 (2003)).  The statutes reviewed here fail to provide the same type of comprehensive enforcement scheme provided by Employee Retirement Income Security Act (ERISA), one of the two federal laws found to completely preempt state law; the other being the Labor Management Relations Act (LMRA).  Both federal statutes provide detailed enforcement schemes and expressly provide for federal court jurisdiction.

There being no jurisdiction in this Court for PacifiCare's claim, it must proceed in state court.  This is the better approach because the parties dispute the breadth of the settlement agreement between Plaintiffs and the third-party insurer.  Arguably, if the settlement was for wrongful death, then Plaintiffs did not recover pursuant to liability insurance which is subject to reimbursement because Arizona's wrongful death statute does not provide payment for medical damages.  Arguably, if the settlement was broader, then PacifiCare may seek reimbursement and/or assert subrogation rights.  At this time, no discovery has occurred, and no hearings have been held.  The Court agrees with the Magistrate Judge that the state courts are better suited to consider what is essentially a contract claim, pursuant to Arizona law, and are as capable as this Court to address the preemption questions relevant to resolving the merits of the claim for reimbursement.

/////

/////

**CONCLUSION**

After *de novo* review of the issues raised in PacifiCare's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R. The Court adopts it, and for the reasons stated in the R&R, the Court dismisses this action. The Court finds PacifiCare cannot state a federal claim for relief because there is no private cause of action for its claim of reimbursement.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's Objection, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (doc. 27) is GRANTED to the extent Plaintiffs argue the Defendant has no private cause of action under the Medicare statutes or the MSP Act.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment (doc. 28) is DENIED to the extent PacifiCare seeks supplemental jurisdiction over Count 1.

**IT IS FURTHER ORDERED** that the case is dismissed for failure to state a claim.

DATED this 25th day of March, 2011.

David C. Bury
United States District Judge